## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK JOSEPH TERRY,                   )
                        Petitioner,     )
v.                                      )          Case No. CIV-08-69-F
                            )
JUSTIN JONES, DIRECTOR,                 )
                     Respondent.   )

### <u>REPORT AND RECOMMENDATION</u>

Petitioner has filed a Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  He raises due process challenges to a prison disciplinary conviction which resulted in the revocation of earned credits.  He states in his Petition that his prison disciplinary conviction was affirmed through the administrative appeal process by final decision of the Oklahoma Department of Corrections Administrative Review Authority on August 20, 2007.

The Petition, on its face, however, affirmatively states that Petitioner did not seek state court remedies prior to filing this federal habeas action.

Upon initial review of the Petition, this Court entered an Order to Show Cause directing Petitioner to demonstrate why his Petition should not be dismissed for failure to exhaust available state court remedies.  *See* Order [Doc. #8].[1]  Petitioner responded to the

---

[1]Initial review and summary dismissal of the § 2241 petition is authorized by Rule 4 of the Rules Governing Section 2254 Cases which requires the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The Rules Governing Section 2254 Cases may be applied at the Court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases. *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

show cause order [Doc. ##11, 12] and reiterates, as stated in his Petition, that he did not pursue state court remedies prior to instituting this federal action, but he contends he should be excused from exhausting state court remedies based on the inadequacy and/or unavailability of Oklahoma's state court remedy.

For the reasons set forth below, it is recommended that this action be dismissed with prejudice.

## I.   <u>Analysis</u>

Habeas petitioners must exhaust available state court remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241.  *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  The exhaustion requirement may be excused if exhaustion would be futile, *i.e.,* there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." *Id*. at 818 (*citations omitted*).  On the face of his Petition, Petitioner states: "[s]tate judicial remedies have not been sought because there is no adequate remedy available to an Oklahoma State Prisoner seeking review of an adverse disciplinary conviction from an Oklahoma Department of Corrections disciplinary hearing . . . ." *See* Petition [Doc. #1] at 3.  Petitioner cites *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) as support, a case decided four years ago which held that Oklahoma prisoners, at that time, had no adequate state court remedy for due process violations in prison disciplinary proceedings involving their earned credits.

Subsequent to *Gamble*, however, in 2005 the Oklahoma legislature enacted Okla. Stat. tit. 57, § 564.1.  Section 564.1 expressly provides for judicial review of prison disciplinary

proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority." *Id.*, § 564.1(D). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See id.*, § 564.1(D)(1)-(7). In light of this intervening statutory law, we can no longer say categorically that Oklahoma prisoners who lose earned credits in disciplinary proceedings have no state court remedies for due process violations.

In this action, Petitioner asserts he was denied due process in the following ways: (1) he was denied the opportunity to present witness statements; (2) there was no adequate written statement of the evidence used for the determination of guilt; (3) he was not provided a proper, unbiased hearing officer (or officers) with no direct involvement; (4) no staff representative was assigned to assist him; and (5) no evidence supported the conviction. *See* Petition at 6-19. Petitioner's due process claims clearly fall within the ambit of Oklahoma's statutory judicial review procedure as provided for in § 564.1.

In responding to the Court's show cause order, Petitioner attempts to demonstrate that it would have been futile to exhaust state court remedies or that the remedy provided by § 564.1 is ineffective to protect his due process rights. Petitioner claims: (1) § 564.1 violates the separation of powers doctrine by preventing the exercise of judicial discretion; (2) the relief afforded by § 564.1 is ineffective because the statute limits the pleadings that may be filed to challenge a disciplinary conviction; and (3) compliance with the time restraints

imposed by § 564.1 is unduly restrictive, if not impossible.   The Court finds each of Petitioner's arguments unpersuasive.[2]

As noted, § 564.1 provides for judicial review of a prison disciplinary proceeding consistent with the due process requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, *supra*.   Although judicial discretion is certainly limited by the narrow review and remedy provided by the statute, it is not, as Petitioner contends, non-existent, nor is it inconsistent with the narrow due process protections recognized in *Wolff*.   Petitioner thus fails to demonstrate any separation of powers violation.   Moreover, addressing the limited nature of relief provided by § 564.1, the Tenth Circuit has rejected a claim that such relief is ineffective to protect the rights of the applicant.   *See Magar*, 490 F.3d at 819.   As the Tenth Circuit stated:

> [W]e see no way in which one might conclude that the process afforded by Oklahoma is "ineffective to protect the rights of the applicant" in this case. [citation omitted]. While Oklahoma's statute does not afford judicial review as to the credibility of witnesses or the weight of the evidence, and limits the forms of relief a court may provide a prisoner, it does demand procedural

---

[2]At the time the Petition was filed, Petitioner made no reference to § 564.1, instead relying on *Gamble* as the basis for asserting he was not required to exhaust state court remedies.   *See* Petition at 3, 4.   Yet, from his response to the Show Cause Order we know that Petitioner was indeed aware of § 564.1 because he had previously sought state judicial review of a prison disciplinary conviction unrelated to the conviction at issue in the pending action. *See* Petitioner's Response [Doc. #11], Exhibits A-H.   In response to the Court's show cause order, Petitioner claims his unsuccessful § 564.1 challenge to this unrelated prison disciplinary conviction shows that no adequate state court remedy exists.   *See id*., at 9.   This *ipso facto* argument is frivolous and entirely without merit.

regularity in ODOC proceedings and specifies that, if the court finds due process lacking, ODOC will be compelled to afford new proceedings compliant with the demands of due process.

*Id.* (*citing* Okla. Stat. Ann. tit. 57, § 564.1(E)).

Petitioner next contends that § 564.1 unduly restricts his ability to challenge the disciplinary conviction by limiting the pleadings that may be filed before the state district court to the petition and answer.[3]  Under the statute, the court's review is limited to whether due process was provided, and if the court finds due process was not provided, the remedy is limited to "an order to the [Oklahoma] Department [of Corrections] to provide due process." Okla. Stat. tit. 57 § 564.1(D) and (E).  The petition provides adequate opportunity for a prisoner to demonstrate a lack of due process.  Moreover, if necessary, the statute permits, upon motion of a party or upon the court's own motion, the filing of a special report. *See id.*, § 564.1(B).

Finally, Petitioner contends the statutory 90-day time period within which to challenge a disciplinary conviction is unduly restrictive because (1) prisoners do not receive timely notice of the final disciplinary decision; (2) prisoners only have six hours per week for use of the prison library; (3) the state courts do not recognize the prison mailbox rule; and (4) the state court may unduly delay the filing of the petition.  These arguments are unavailing.

---

[3]*See* Okla. Stat. tit. 57, § 564.1 (A)(3) (Supp. 2008) ("The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and answer.").

Section 564.1 requires that inmates seeking judicial review file their petition in the state district court within ninety days "of the date the petitioner is **notified** of the final Department of Corrections decision in the Department disciplinary appeal process." *See id.*, § 564.1(A)(1) (emphasis added). Petitioner complains of a delay of approximately 11 days between the final disciplinary decision and his receipt of the same. However, as the statute expressly provides, the 90-day period commences only upon the date the prisoner is notified of the final decision, not the date the final decision issues. This information is within the personal knowledge of the prisoner and may be included in the Petition. Moreover, Petitioner fails to demonstrate how the 11-day delay prevented him from timely filing a petition in state district court. Petitioner's remaining arguments concerning the inadequacy of the statute based on its allegedly restrictive filing period are based on pure speculation. Petitioner does not argue that his alleged limited access to the library actually prevented him from filing a state court petition, *see Lewis v. Casey*, 518 U.S. 343 (1996), and he also fails to demonstrate how the absence of a prison mailbox rule or anticipated filing delays that could be caused by the district court constitute filing obstacles that defeat the availability of the statutory remedy. In sum, Petitioner fails to demonstrate that the state court remedy provided by § 564.1 is unavailable or inadequate to protect his due process rights.

As stated, the final decision of the Administrative Review Authority was issued on August 20, 2007. Therefore, any attempt by Petitioner to exercise the right to judicial review under § 564.1 would now be untimely and result in a procedural default of his claims barring federal habeas review. *See Magar*, 490 F.3d at 819 (*citing Woodford v. Ngo*, 548 U.S. 81

(2006)).  As the Court advised Petitioner in the show cause order, the procedural default may be excused only if Petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims would result in a fundamental miscarriage of justice.  *Magar*, 490 F.3d at 819.

Arguably Petitioner advances the same arguments to excuse a procedural default of his claims as he does to excuse compliance with the exhaustion requirement.  Petitioner frankly acknowledges, however, that he made no attempt to pursue the remedies afforded by § 564.1 to challenge the disciplinary conviction which is the subject of this habeas action. Of course, had Petitioner actually been prevented from timely submitting his petition in state court on the grounds he advances, Petitioner may have been able to demonstrate cause to overcome procedural default of his claims.  Because he made no attempt to pursue these remedies, however, his arguments are based on pure speculation and he has failed to demonstrate cause to overcome the procedural default of his prison disciplinary challenge. Petitioner likewise has not alleged facts to support the "markedly narrow" fundamental miscarriage of justice exception to procedural bar of his claims.  *See Magar*, 490 F.3d at 820. Instead, he relies solely on the alleged inadequacy of the state court remedy as sufficient to invoke the fundamental miscarriage of justice exception.  *See* Petitioner's Response [Doc. #11] at 17 ("[T]o make Mr. Terry exhaust under a law that provides no remedy in and of

itself constitutes a fundamental miscarriage of justice and should not be enforced.").[4]  Thus, Petitioner has failed to demonstrate an exception to the procedural default of his claims.

In sum, the Petition filed in this action clearly shows, on its face, that Petitioner made no effort to exhaust his state court remedies.  Further, Petitioner has failed to show that the state court remedies were unavailable to him or ineffective to protect his due process rights.  His federal habeas petition, therefore, should be summarily dismissed.  His due process claims are now procedurally defaulted in state court, and for that reason the Petition should be dismissed with prejudice.

## II.     Petitioner's Pending Application and Motion for Emergency Injunction

Subsequent to filing the Petition, Petitioner filed an Application for Emergency Injunction [Doc. #14] and a Motion for Default Judgment on Application for Emergency Injunction [Doc. #16].  Petitioner claims he has been the victim of retaliation by prison officials, has been denied adequate access to the law library and has been convicted of a false misconduct charge.  In addition, Petitioner claims he has been transferred from Northern Oklahoma Correctional Center to Lawton Correctional Facility (LCF) as part of the prison officials' acts of retaliation.  Upon his arrival at LCF, Petitioner claims he was removed from minimum security and placed at a higher security level.

---

[4]The fundamental miscarriage of justice exception requires a showing of actual innocence.  *Magar*, 490 F.3d at 820.  To prevail on an actual-innocence claim, Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must demonstrate that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. This he has not done.

An action brought pursuant to 28 U.S.C. § 2241 is limited to challenging the execution of a sentence, not the conditions of confinement. *See, e.g., McIntosh v. United States Parole Com'n*, 115 F.3d 809, 812 (10th Cir. 1997). The matters raised in Petitioner's application and motion for an emergency injunction relate to the conditions of his confinement and must be brought in a separate action pursuant to 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside [the] core [of federal habeas corpus] and may be brought pursuant to § 1983 . . . ."). *See also Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in habeas petition). Therefore, it is recommended that Petitioner's Application [Doc. #14] and Motion [Doc. #16] be denied.

## RECOMMENDATION

It is recommended that the Petition [Doc. #1] be dismissed with prejudice. It is further recommended that Petitioner's Application for Emergency Injunction [Doc. #14] and Motion for Default Judgment on Application for Emergency Injunction [Doc. #16] be denied.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by July __16th__, 2008. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to

appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this ___26th___ day of June, 2008

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE